## KINNARD v. RICE DRILLING CO. et al.*

### No. 5353.

Court of Appeal of Louisiana. Second Circuit.

March 1, 1937.

Edward L. Gladney, Jr., of Bastrop, for appellant.

J. Fair Hardin, of Shreveport, for appellees.

DREW, Judge.

Some time prior to April 3, 1935, a block of acreage was assembled in Morehouse parish, La., and oil and gas leases covering several thousand acres were taken in the name of J. H. Gibson, trustee. On April 3, 1935, J. H. Gibson, trustee, assigned all of said oil and gas leases to the Rice Drilling Company and W. M. Redditt. The consideration of the assignment was that the assignees would begin operations for the drilling of a well in search of oil or gas in the S. E. ¼ of the N. W. ¼, section 15, township 20 north, range 7 east, on or before the 16th day of April, 1935; and to prosecute the drilling of said well with due diligence until same had reached a depth of 4,000 feet, unless igneus rock or rock salt were found at a lesser depth, or unless oil or gas were found in paying quantities at a lesser depth.

The assignees began the drilling operations in accordance with the stipulations in said assignment and prosecuted same to a depth of 3,030 feet, when operations ceased. Thereafter, on June 11, 1935, the assignees, Rice Drilling Company and W. M. Redditt, entered into a written contract with J. H. Gibson, trustee, wherein it recites the previous assignment from Gibson, trustee, to Rice Drilling Company et al. and the consideration therein stated, and then follows the following provisions:

"Whereas, the said parties of the first part have drilled a well on the block of leases above referred to, to a depth of 3030 feet which it is agreed by the parties hereto does not comply with the contract above referred to; and

"Whereas, the said party of the second part, J. H. Gibson, Trustee, is desirous of drilling another well in search of oil or gas on the block of leases taken in the name of J. H. Gibson, Trustee.

"Now, therefore, in consideration of the said J. H. Gibson, Trustee, releasing the said Rice Drilling Company and the said W. M. Redditt from the obligation to drill a well to a total depth of 4000 feet, unless oil or gas is found at a lesser depth in paying quantities, the said Rice Drilling Company

and W. M. Redditt hereby assign, transfer and deliver unto the said J. H. Gibson, Trustee, all their right, title and interest acquired or that might have been acquired by them under that certain assignment of oil, gas and mineral·leases, executed by J. H. Gibson, Trustee, to and in favor of Rice Drilling Company and W. M. Redditt, dated April 3, 1935, and filed for record under date of April 3, 1935, File No. 17128, and duly recorded in Not'l. Book 80, page ———, of the records of Morehouse Parish, Louisiana.

"As a further consideration for the release of the said Rice Drilling Company and W. M. Redditt by the said J. H. Gibson, Trustee, of the obligations and agreements contained in said contract, as above referred to, the said Rice Drilling Company hereby agrees that the said J. H. Gibson, Trustee, shall have and is hereby granted the exclusive right to use, for a period of 60 days from this date, the engine, draw works, derrick and all other equipment now located on the site of the well which the said parties of the first part, Rice Drilling Company and W. M. Redditt, drilled in the S E$\frac{1}{4}$ of NW$\frac{1}{4}$, Section 15, Township 22 North, Range 7 East, Morehouse Parish, Louisiana, for the purpose of drilling a well in search of oil or gas on the ·said block of leases above referred to; the use of said drilling machinery to be without cost to the said J. H. Gibson, Trustee, it being understood and agreed that the said parties of the first part have failed to carry out their agreement and contract with the said party of the second part as to the drilling of a well to a depth of 4000 feet unless oil or gas is found at a lesser depth in paying quantities.

"It is further understood and agreed by and between the parties hereto that the said J. H. Gibson, Trustee, shall return to the said Rice Drilling Company, at the expiration of this contract, its drilling equipment (less derrick) in like condition as the same is as of this date."

Soon thereafter, J. H. Gibson, trustee, acting for an ordinary partnership composed of J. H. Gibson, W. H. Todd, Jr., C. I. Bacon, Dr. O. E. Bridges, H. F. Bracey, and Newt V. Mills, as shown by answer to the bill of particulars, moved the derrick from the location where the Rice Drilling Company and Redditt had drilled to the property of a different landowner, some sixteen or eighteen hundred feet away, and proceeded to begin drilling another well. While working on this well, plaintiff alleged he was injured in an accident and instituted this suit for compensation against the Rice Drilling Company and W. M. Redditt.

The lower court sustained an exception of no cause and right of action filed by defendants, and plaintiff prosecutes this appeal.

The pertinent parts of plaintiff's petition, and upon which he relies for a reversal of the decision below, are articles 2, 3, 4, 5, and 8, and article 1 of the second supplemental petition. They are as follows:

"2. That the Rice Drilling Company is principally engaged in a hazardous occupation, that of operating mechanical equipment for the purpose of drilling test wells for oil, gas or other minerals and generally for the purpose of exploration and the sale of oil, gas or other minerals.

"3. That on or about April 3, 1935, the Rice Drilling Company and W. M. Redditt secured through. assignment certain oil, gas and mineral leases from J. H. Gibson, Trustee, and contracted in writing to drill prior to October 15, 1935, a test well in Morehouse Parish to a total depth of 4000 feet, unless oil or gas be found at a lesser depth.

"4. That for the purpose of executing said contract, a derrick was promptly constructed upon a designated lease in Morehouse Parish by the Rice Drilling Company and well drilling equipment, including engines, draw works and other equipment belonging to the said Rice Drilling Company was promptly placed in operation and a hole drilled until a depth of approximately 3030 feet was reached, without discovery of oil, gas or other minerals in paying quantities.

"5. That on or about June 11, 1935, the Rice Drilling Company and W. M. Redditt executed a written contract or agreement with J. H. Gibson, Trustee, wherein the latter would have the use of 'the engine, draw works, derrick', etc., located on the well site aforesaid in order to complete drilling operations to a depth of 4000 feet in accordance with contracts with various landowners. That said contract and agreement, dated June 11, 1935, recorded in Book 82, page 109, of the records of Morehouse Parish, is annexed hereto as a part hereof by special reference. .

"8. That the contractual relations, either express or implied, between the Rice Drilling Company and W. M. Redditt, on the one hand, and J. H. Gibson, Trustee, on the

other, were such that both parties are responsible and liable to petitioner under the provisions of Act No. 20 of 1914 (and especially paragraph 6 thereof) as amended by the General Assembly of Louisiana. * * *

"1. Petitioner desires to have leave to amend his said original petition by substituting in lieu of Article VI of the original petition the following words and figures, to-wit:

"That shortly thereafter the said J. H. Gibson, Trustee, began to operate said drilling equipment belonging to the said Rice Drilling Company et al. for the purpose of making a test well to a depth of 4000 feet, said drilling operations being conducted on a lease obtained from R. L. Thomas, all of which will more fully be shown on the trial hereof."

As stated by appellant in his brief, the allegations of article 1 of the second supplemental petition are made for the purpose of correcting an error in the original petition and to show that the ordinary partnership entitled, J. H. Gibson, trustee, did not continue the operations of the Rice Drilling Company by deepening the original hole, but began a new hole on a different location.

The contracts of assignment and re-assignment referred to in the statement of the case were filed prior to the filing of the exception and in answer to a prayer for oyer. Plaintiff contends that when J. H. Gibson, trustee, assigned the leases to Rice Drilling Company et al., the contract to drill a well to 4,000 feet then became an obligation between the Rice Drilling Company et al. and the landowners, and Gibson, trustee, was then without right or authority to release the Drilling Company from its obligation to the landowners; and that when the trustee attempted to so do and began the second well, he was acting as a subcontractor of the original assignees, Rice Drilling Company et al., therefore, plaintiff was entitled to recover from Rice Drilling Company et al. under paragraph 1 of section 6 of Act No. 20 of 1914, as amended by Act No. 85 of 1926, which is as follows: "That where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of

the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or his dependent any compensation under this act which he would have been liable to pay if that employee had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal, then, in the application of this act, reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed."

We cannot accept this contention of plaintiff as being correct. The original leases are not in the record, but for the purpose of the exception we will assume they contained clauses most favorable to plaintiff's contention, that is, the leases contained the consideration clause that a well in search of oil or gas was to be begun on or before April 16, 1935, and that it was to be drilled to a depth of 4,000 feet. Under such a lease the failure to comply with the conditions stated therein would have voided the lease or given the lessors a right of action for damages for breach of contract, depending entirely upon the wording of the leases. If we accept as true plaintiff's contention that after the assignment was made by J. H. Gibson, trustee, to Rice Drilling Company et al., the obligation was one between the assignees and the landowners, under the alleged facts the assignees' failure to complete the well to a depth of 4,000 feet was a breach of contract with the landowners and their right of action was for said breach. If we further take as true that J. H. Gibson, trustee, was without right or authority to release the assignees from their obligation to the landowners, we have not in any manner helped plaintiff's cause, for there is no construction within the bounds of reason that can be placed upon the contract of release executed by J. H. Gibson, trustee, by which it can be found to be the subcontractor of Rice Drilling Company et al. In the first place, Rice Drilling Company et al. was under no contract to drill a well on the location J. H. Gibson, trustee, drilled. The assignment to Rice Drilling Company et al. provided specifically that they were to drill on a particular 40 acres of land described by governmental subdivisions; and for them to drill on another tract, would not have been a compliance with their contract of assignment. Second,

they had reassigned to the partnership, J. H. Gibson, trustee, all the leases they had acquired from it and since they did not own the lease on which the second well was drilled and the drilling of it would not release them from their original contract, they were entirely without interest in this well. The original obligor of the landowners to drill a well to a depth of 4,000 feet was J. H. Gibson, trustee. When it secured its assignee to do that which it had originally agreed to do, it strikes us, if the question of contractor or subcontractor is involved here at all, the assignee of J. H. Gibson, trustee, was its subcontractor, and by agreement and contract a subcontractor can always be released from its obligation by the original contractor, and that was done in this case. The defendants here were entirely without interest in the drilling of the second well on which plaintiff was involved in an accident, and are not liable for compensation.

We have often held that in a compensation case an exception of no cause of action will not be sustained unless the record as made up discloses that plaintiff had no right of action. We have before us a case that comes within the rule, for the record as made up discloses through written documents and answer to the bill of particulars that plaintiff has no right of action against defendants. Defendants had no interest in the drilling of the second well. Plaintiff was not employed or paid by defendants or defendants' agent or subcontractor.

The judgment of the lower court is correct, and it is affirmed, with costs.

*Rehearing denied April 1, 1937.